FILED

2012 NOV 27 PM 1:14

CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

BY: [signature]

KARL D. HUBER
3737 Amesbury Road
Los Angeles, CA 90027
(323) 666 - 1161
Plaintiff In Pro Per

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **KARL HUBER,** | **Case No.: CV12-03293 GHK (JEM)** |
| **Plaintiff** | |
| | **SECOND AMENDED** |
| **vs.** | **CIVIL RIGHTS COMPLAINT** |
| | |
| **THE CITY OF BEVERLY HILLS, CALIFORNIA,** | **DEMAND FOR JURY TRIAL** |
| **CHRISTOPHER COULTER,** | |
| **MATTHEW CLARK,** | |
| **STANLEY SHEN,** | |
| **KEVIN ORTH,** | |
| **GREGORY WHIPPLE,** | |
| **CHIEF DAVID L. SNOWDEN,** | |
| **DOE NO. 7** | |
| **DOE NO. 8** | |
| **DOE NO. 9** | |
| **Defendants** | |

---

## I. JURISDICTION

1. This court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Federal question jurisdiction arises pursuant to 42 U.S.C. § 1983.

## II. VENUE

2. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in Los Angeles County.

## III. PARTIES

3. Plaintiff, KARL HUBER, is a Citizen of the United States and he is a resident of the City of Los Angeles, California.

4. Defendant, THE CITY OF BEVERLY HILLS, is a municipal corporation duly organized and existing under and by virtue of the laws of the State of California.

5. Upon information and belief, that at all times hereinafter mentioned, the Defendant THE CITY OF BEVERLY HILLS, its agents, servants and employees operated, maintained and controlled the Police Department of THE CITY OF BEVERLY HILLS, including all the police officers thereof.

6. Upon information and belief, that at all times hereinafter mentioned, each of the Defendants CHRISTOPHER COULTER, MATTHEW CLARK, STANLEY SHEN, KEVIN ORTH, and GREGORY WHIPPLE were employed by Defendant THE CITY OF BEVERLY HILLS as a police officer.
Each is sued individually.

7. Upon information and belief, that at all times hereinafter mentioned, Defendant DAVID L. SNOWDEN was duly appointed and presently acting Chief of the City

of Beverly Hills Police Department. As such, he was the commanding officer of Defendants COULTER, CLARK, SHEN, ORTH, WHIPPLE and DOES 7-9 and was responsible for the training, supervision and conduct of Defendants COULTER, CLARK, SHEN, ORTH, WHIPPLE and DOES 7-9. Defendant SNOWDEN is further responsible for enforcing the regulations of the City of Beverly Hills and for ensuring that the City of Beverly Hills police officers obey the laws of the State of California and the United States of America. He is sued individually.

8. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 7-9, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will ask for leave to amend this complaint to allege their true names and capacities when ascertained.

9. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, and on or prior to April 17, 2011, each of the Defendants, COULTER, CLARK, SHEN, ORTH, WHIPPLE, SNOWDEN and DOES 7 -9 was the agent and employee of their codefendants and was at all times acting within the purpose and scope of such agency and employment. Defendants are sued individually and in their official capacity or as the case may be.

10. This action arises under the United States Constitution, particularly under the provisions of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the Unites States Code and the rights under the Constitution and laws of the State of California.

11. Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California and The City of Beverly Hills, and under the authority of their office as police officers of said state and city.

## IV. STATEMENT OF FACTS

12. On April 17, 2011, shortly after midnight, Plaintiff's girlfriend and fiancée Elena Melnikova was outside the apartment (#7) they shared at 132 S. Oakhurst Drive, Beverly Hills, CA 90212. Elena wanted to file a complaint against a neighbor's harassment and needed to verify the address of the building next door. On her way downstairs, she was confronted by Defendant COULTER in his police uniform. Defendant COULTER's adversarial manner and tone clearly indicated he was uninterested in fielding or helping Elena file such a complaint. So, as is the custom in her native Russia, Elena dialed a three-digit number on her cell phone to speak with the police to find out how to properly file a harassment complaint.

13. Before that phone call could be completed, indeed before any words were spoken on that call at all, and without warning or provocation, Defendant COULTER ran up the stairs at Elena. Frightened and afraid for her safety, she turned and ran back into Apartment #7 without saying anything into her cell phone.

14. After Elena entered Apartment #7 Plaintiff closed the door behind her and Defendant COULTER jammed his foot in the door to prevent it from fully closing

and then tried to force his way in to arrest Elena. Plaintiff asked Defendant COULTER for his warrant. Defendant COULTER did not present any warrant and instead proclaimed "I don't need a warrant, she made a false 911 call in front of me."

15. Defendants STANLEY SHEN and GREGORY WHIPPLE joined the effort to unlawfully force their way in to Apartment #7. Entry was eventually affected by breaking through the center panel of the door and reaching in to unlock the deadbolt.

16. After the door to Apartment #7 was destroyed, Defendant KEVIN ORTH entered without invitation or warrant, grabbed Plaintiff violently by the right arm and forcibly yanked Plaintiff outside into the hallway. Defendant ORTH then handcuffed Elena.

17. Now outside in the hallway, Defendants COULTER, CLARK & SHEN were all screaming at Plaintiff to get on the floor. Plaintiff replied "I am not resisting" and indeed offered no resistance whatsoever. Instead of asking Plaintiff to place his hands behind his back and indeed before Plaintiff could possibly have done so, Defendant COULTER forcibly grabbed Plaintiff's right wrist. At the same time, Defendant CLARK forcibly grabbed Plaintiff's left arm. Together, COULTER and CLARK immediately and viciously dragged Plaintiff down the hallway where they then awkwardly and brutishly tackled Plaintiff to the carpet, slammed his head into the carpet, and inflicted bruises all over Plaintiff especially on his forehead and both arms. SHEN then placed his weight on Plaintiff's legs causing Plaintiff's left arm to twist underneath him so painfully it was on the verge of breaking. Plaintiff said out loud "You're breaking my arm." Defendants

COULTER, CLARK and SHEN screamed loudly at Plaintiff to "Shut the f*** up."

18. After Plaintiff was handcuffed, Defendant SHEN boasted to Plaintiff "You're going to wish you made different decisions tonight."

19. Plaintiff asked what would happen to his dog. Defendant WHIPPLE responded that the dog would be kept in the bathroom. Plaintiff was then taken to Beverly Hills Police Department Jail and booked for Resisting Arrest/Delaying a Peace Officer.

20. While Plaintiff was handcuffed in a police car awaiting transport, Defendants COULTER, CLARK, SHEN, WHIPPLE and ORTH huddled in a pack and congratulated themselves by patting each other on the back and giving each other 'high-fives'.

## V. CLAIMS

## FIRST CAUSE OF ACTION – FALSE ARREST

21. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 to 20 with the same force and effect as if more fully set forth herein.

22. On or about 12:30am on April 17, 2011 at 132 S. Oakhurst Drive Apt #7, Beverly Hills, CA 90212, the Defendants, their agents, servants and employees wrongfully and falsely arrested, imprisoned and detained Plaintiff without any right or grounds therefore.

23. On or about April 17, 2011, the Defendants wrongfully and falsely accused the Plaintiff of the crime of Resisting Arrest/Delaying a Peace Officer in violation of CPC§ 148 (a)(1).

24. Said arrest and imprisonment was made without a warrant and without probable cause.

25. Defendants, their agents, servants and employees, wrongfully and unlawfully, against the Plaintiff's wish, without probable cause and on the sole charge that the Plaintiff was violating CPC§ 148 (a)(1), arrested and imprisoned the Plaintiff and with full force of arms, they forcibly and violently seized, assaulted and laid hold of and compelled him to go with said defendant police officers to be detained and imprisoned at Beverly Hills Police Department Jail 464 N. Rexford Drive, Beverly Hills, CA 90210 until such time as he was released on $10,000 bond.

26. The Defendants, their agents, servants and employees acting within the scope of their employment, detained and imprisoned the Plaintiff even though Defendants had the opportunity to know or should have known, that the matters hereinbefore alleged, wrongfully, unlawfully and without a sufficient charge having been made against the Plaintiff, directed that the Plaintiff be searched and placed in confinement at said location.

27. Plaintiff was wholly innocent of the said criminal charges and was forced by the defendants to submit to the aforesaid arrest and imprisonment thereto entirely against his will.

28. As a result of the accusations made by Defendants falsely, publicly and maliciously, the Plaintiff was compelled to appear before a Judge of the Superior

Court of California, County of Los Angeles and to be arraigned on or about May 13, 2011.

29. Defendants, as set forth above, intended to confine the Plaintiff; in that the Plaintiff was conscious of the confinement; Plaintiff did not consent to the confinement and that the confinement was not otherwise privileged.

30. By reason of the false arrest, imprisonment and detention of the Plaintiff, Plaintiff was subjected to great indignities, humiliation and ridicule in being so detained, charged and prosecuted with various crimes, and greatly injured his credit and circumstances and was then and there prevented and hindered from performing and transacting his necessary affairs and business, and he was caused to suffer much pain in both mind and body, and the loss of employment opportunities.

31. By doing the acts described above in paragraphs 12 through 30, Defendants caused and/or permitted the violation of Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable searches and seizures, thereby entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

**SECOND CAUSE OF ACTION – ASSAULT AND BATTERY**

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 to 31 with the same force and effect as if more fully set forth herein.

33. On or about 12:30am April 17, 2011, while Plaintiff was inside his apartment at 132 S. Oakhurst Drive #7, Beverly Hills, CA 90212, Defendants, without just

cause or provocation and with great force and violence, violently seized, assaulted and laid hold of the Plaintiff including but not limited to intentionally, forcefully and fiercely bringing Plaintiff to the ground and causing handcuffs to be tightly placed upon the wrists of the Plaintiff.

34. Defendants willfully and maliciously assaulted and battered Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the Plaintiff, and that act caused apprehension of such contact in the Plaintiff, and Defendants, in a hostile and/or offensive manner touched and beat upon the Plaintiff, without his consent and with the intention of causing harmful and/or offensive bodily contact to the Plaintiff and caused such battery in and about his head, neck, back, body and limbs.

35. By reason of the aforesaid intentional assault and battery committed by the Defendants, acting within the scope of their authority, and without probable cause, the Plaintiff suffered great bodily injury in and about his head, neck, back, body and limbs and was rendered sick, sore, lame and disabled, and among other things, he suffered conscious pain and suffering, and that he was otherwise damaged.

36. By doing the acts described above in paragraphs 12 to 35, Defendants caused and/or permitted the violation of Plaintiff's Fourth Amendment rights to be free from unreasonable seizures using objectively unreasonable force thereby entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

## THIRD CAUSE OF ACTION – DELIBERATE INDIFFERENCE

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 to 36 with the same force and effect as if more fully set forth herein.

38. Plaintiff has learned of several incidents prior to the incident involving Plaintiff wherein Beverly Hills Police Department officers falsely arrested or used unreasonable force on others that they arrested. Defendants SNOWDEN, DOES 7-9, and the City of Beverly Hills took no action to discipline those officers or to order them not to repeat such incidents, thereby tacitly authorizing such conduct by all Beverly Hills Police Department officers. If Defendants had taken such remedial action, the use of excessive force on Plaintiff would not have occurred. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

39. The city council of the City of Beverly Hills is vested by state law with the authority to make policy for the city on the use of force in making arrests. The city council members were aware of a pattern of excessive force by Beverly Hills Police Department officers; they were aware that the city's policies regarding the discipline of officers accused of excessive force were so inadequate that it was obvious that a failure to correct them would result in further incidents of excessive force, and the failure to correct said policies caused excessive force to be used upon Plaintiff as described above. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

40. Plaintiff is aware of numerous incidents where the number of Beverly Hills Police Department officers responding to the scene was disproportionate to the incident at hand. This widespread Beverly Hills Police Department practice of having greater numbers of officers at the incident than are required to deal with the incident proximately causes constitutional injuries. First, this over-response leads to a belief in the responding officers that there must be some significant offense afoot and a related desire to justify the deployment of so many officers; this, in turn, has resulted in false arrests—arrests that would not be reasonable to a single officer seem more so to a group of officers. When those arrests occur, the sheer number of officers involved has led directly to use of excessive force as each officer feels obliged to make their own contribution to the group arrest effort. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

41. Acting under color of law and pursuant to official policy, practice, or custom Defendants DAVID L. SNOWDEN, DOES 7-9 and the City of Beverly Hills intentionally, knowingly, and recklessly failed to instruct, supervise, control, and discipline, on a continuing basis, Defendants COULTER, CLARK, SHEN, ORTH and WHIPPLE in their duties to refrain from unlawfully and maliciously assaulting and beating citizens and otherwise using unreasonable and excessive force before, during, or after the making of an arrest. There is no ongoing mandatory training focused on excessive force and merely publishing training bulletins without requiring demonstrated competence and comprehension of the topic material is insufficient to ensure officers refrain from using unreasonable and excessive force. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

42. Acting under color of law and pursuant to official policy, practice, or custom Defendants DAVID L. SNOWDEN, DOES 7-9 and the City of Beverly Hills intentionally, knowingly, and recklessly failed to instruct, train and supervise Defendants COULTER, CLARK, SHEN, ORTH and WHIPPLE on a continuing basis in the correct procedure for making an arrest, making an arrest without a warrant, and for securing a citizen who has been subdued and handcuffed. There is no required training or review that assures the 'fair probability' test that a crime was committed is being appropriately applied before arrests are made; without this, false arrests will continue to be made. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

43. By failing to modify its training program or policy and failing to discipline or punishing officers who had committed constitutional violations by way of their acts of false arrest or use of unreasonable force and supporting a custom of over-response, Defendants DAVID L. SNOWDEN, DOES 7-9 and the City of Beverly Hills, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of Defendants COULTER, CLARK, SHEN, ORTH and WHIPPLE heretofore described. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

44. The aforesaid occurrence, to wit: the false arrest and imprisonment, assault and battery and resulting injuries to mind and body therefrom, were caused wholly and solely by reason of deliberate indifference of Defendants, its agents, servants and employees without any negligence on the part of the Plaintiff.

45. As a direct and proximate cause of the acts of Defendants DAVID L. SNOWDEN, DOES 7-9 and the City of Beverly Hills as set forth herein, Plaintiff suffered physical injury and severe mental anguish in connection with the deprivation of his constitutional rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States thereby entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

## FOURTH CAUSE OF ACTION – MALICIOUS PROSECUTION

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 to 45 with the same force and effect as if more fully set forth herein.

47. On or about April 17, 2011 at or about approximately 12:30am while the Plaintiff was lawfully and properly inside his apartment at 132 S. Oakhurst Drive #7, Beverly Hills, CA 90212 and at subsequent times and locations thereafter, including the City of Beverly Hills Police Station and Jail 464 N. Rexford Drive, Beverly Hills, CA 90210, the Defendants, their agents, servants and employees maliciously prosecuted and detained Plaintiff without any rights or grounds therefor.

48. The Plaintiff was and is wholly innocent and was forced by Defendants to submit to court proceedings.

49. While Plaintiff was in a highly emotional state induced by the events described herein, and while in custody in the City of Beverly Hills Jail elevator Defendant COULTER questioned the Plaintiff about bruises on Plaintiff's arms and other matters related to the events described herein. At no time during this

questioning was Plaintiff's attorney present and Plaintiff was never advised of his rights to have an attorney present. Plaintiff at no time waived his right to have an attorney present.

50. Defendant COULTER intentionally and knowingly omitted from his official police report facts and circumstances that were relevant and important to a fair, proper and full evaluation of the criminal charges by the County of Los Angeles criminal justice system. Specifically and most importantly, he withheld the fact that no report of emergency of any kind was ever actually made by Miss Melnikova on April 17, 2011. If this fact had been included, there would be no underlying basis for the charges against Plaintiff.

51. Defendant COULTER intentionally and knowingly submitted false information in his police report. Specifically and most importantly, he defined Miss Melnikova's crime as a false report of emergency and further explained the offense was committed when "suspect called 911 to report a false emergency of a neighbor being too loud". Defendant COULTER knew no such emergency was ever reported by Miss Melnikova on April 17, 2011. If this false information had not been included, there would be no underlying basis for the charges against Plaintiff.

52. On or about May 13, 2011 before a Judge of the Superior Court of California, County of Los Angeles, the Defendants, their agents, servants and employees falsely and maliciously and without probable cause or provocation charged the plaintiff with a crime under CPC§ 148 (a)(1) and a crime under CPC§ 415 (2).

53. Upon examination, said charges were falsely and maliciously made. Judge of the Superior Court of California, County of Los Angeles, the Hon. Leslie E.

Brown dismissed all charges under CPC§ 148 (a) (1) and CPC§ 415 (2) on July 21, 2011.

54. The said prosecution and criminal charges and hearings were instituted and procured by Defendants, their agents, servants and employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever. The commencement and/or continuation of the criminal proceedings by Defendants against Plaintiff was without probable cause, with actual malice and was terminated in favor of the Plaintiff.

55. By reason of the aforesaid unlawful and malicious prosecution, Plaintiff was deprived of his liberty, was subjected to great indignity, humiliation, pain and great distress of mind and body and was held up to scorn and ridicule, was injured by this scorn and ridicule, was injured in his character and reputation, was prevented from attending his usual business and avocation, was injured in his reputation in the community and said Plaintiff has been otherwise damaged.

56. By doing the acts described above in paragraphs 12 to 55, Defendants caused and/or permitted the violation of Plaintiff's Fifth and Fourteenth Amendment rights to be free from self-incrimination thereby entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

57. By doing the acts described above in paragraphs 12 to 55, Defendants caused and/or permitted the violation of Plaintiff's Fourteenth Amendment rights to the assistance of an attorney thereby entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

58. Defendant COULTER's intentional concealment and misstatement of facts relevant to the issue of Plaintiff's guilt or innocence caused and/or permitted the violation of Plaintiff's Fifth and Fourteenth Amendment rights to due process of law thereby entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

59. The acts of Defendants as set forth above were wanton, malicious and oppressive, thus entitling Plaintiff to an award of punitive damages.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

60. Compensatory damages, including general and special damages, against all defendants according to proof,

61. Exemplary and punitive damages against Defendants COULTER, CLARK, SHEN, ORTH, WHIPPLE, SNOWDEN and DOES 7-9 according to proof,

62. Costs of suit herein, and

63. Any further relief which the court may deem appropriate.

## VII. DEMAND FOR JURY TRIAL

64. Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Dated: November 26, 2012

By: KARL D. HUBER

Plaintiff In Pro Per